*United States Bankruptcy Court*
*District of New Jersey*
*Clarkson S. Fisher Federal Building*
*United States Courthouse*
*402 East State Street*
*Trenton, New Jersey 08608*

*Hon. Kathryn C. Ferguson*     *(609) 858-9351*
*Chief Bankruptcy Judge*

## **LETTER DECISION**

December 11, 2018

Candyce Smith-Sklar, Esquire
Law Offices of Sklar Smith-Sklar
1901 North Olden Avenue, Suite 22
Ewing, New Jersey 08618

Vincent J. Massa III, Esquire
Jones & Jones
45 Essex Street
Hackensack, New Jersey 07601

      Re:    Jerzy Strak - Case No. 18-22185

             Motion for Relief from Stay (Document #17)
             Hearing Date:  September 12, 2018

Dear Counsel:

      On September 12, 2018, the court took oral argument on Spencer Savings Bank's motion for relief from the automatic stay or in the alternative for a finding that the stay does not apply to the real property located at 9-11 Chelsea Ave., Ewing, NJ ("Ewing property"). The court requested additional briefing from the parties on the limited issue of whether a debtor who is a guarantor on a loan, as opposed to the borrower, may cure and reinstate through a Chapter 13 plan. The papers submitted went far afield of that issue. Nonetheless, after considering the

additional submissions, the court finds that the automatic stay does not apply to the Ewing property and will grant Spencer's motion on that alternative ground.

## Factual background

In 2006, Jerzy and Jolanta Strak purchased the Ewing property and took title in their names. Shortly thereafter, the Straks sought to refinance the loan through NJM Bank. As a condition of the refinance, NJM Bank required that the property be titled in a corporation. So, in 2007 the Straks formed Parkway Property LLC and transferred title to the Ewing property to that entity. Parkway Property LLC is owned 51% by Jerzy Strak and 49% by Jolanta Strak.

In 2011, Parkway Property LLC borrowed $368,000 from NJM Bank and granted the bank a first mortgage and security agreement with assignment of rents. The Straks and Parkway Auto Body of Ewing, Inc. (the business operating at the Ewing property) all guaranteed the Note. The Note and Mortgage were later assigned to the movant, Spencer Savings Bank.

## Analysis

The Debtor argues that he holds equitable title to the Ewing property; therefore, it is property of the estate and protected from foreclosure by the automatic stay. The Debtor reasons that because he was required to form an LLC by the bank and "the intent of the Debtor to form the LLC [was] for the sole purpose of executing the real estate transaction [sic.] rather than for the purposes of obtaining protection from liability, the Court should find that Debtor holds an equitable interest in the Property such that it becomes property of the estate and subject to reorganization within the Plan." *Debtor's Opposition* at 5. The fallacy of that argument becomes apparent when it is reversed. If a person were injured at the Ewing property and sued the Straks individually for his injuries, no rationale court would accept the argument that the Straks are personally liable because the creation of an LLC was merely a technical requirement in a

refinancing transaction. The Straks may not have desired to form an LLC, but they did intend to refinance their loan and agreed to the bank's conditions in order to obtain one. Once the Straks created formed the LLC they were protected from personal liability; they must also accept any burdens that may come along with that privilege. It is poor policy to allow people to ignore the corporate form whenever it suits them.

The Debtor relies on *In re Ealy*, 307 B.R. 653 (Bankr. E.D. Ark. 2004) where the court found that the automatic stay applied to a debtor's equitable interest in a daycare center held in the name of an LLC. In *Ealy*, the court found it determinative that the property ended up titled solely in the name of the LLC based on a mistake in the real estate contract which named a yet to be formed LLC as the buyer. In this case, there was no mistake; the Straks simply agreed to a condition imposed by the bank.

The *Ealy* court acknowledged that the property of an LLC is not the property of its members under Arkansas law. More generally, the *Ealy* court recognized that corporate assets are not property of an individual debtor's bankruptcy estate because:

> [a] corporation has a separate legal existence from its shareholders, and the corporation, not its shareholders, owns the corporate assets and owes the corporate debts." *See, In re Russell*, 121 B.R. 16,17 (Bankr. W.D. Ark.1990). *See also, In re Hoffman*, 70 B.R. 155, 160 (Bankr. W.D. Ark.1986) (stating property of corporation is not property of the estate of the debtor). Only individuals may file for bankruptcy protection under Chapter 13. 11 U.S.C. § 109(e). An individual debtor may not discharge another entity's debts in his or her bankruptcy case, although the debtor may discharge his personal liability for a corporate debt where he has guaranteed such debt. See 11 U.S.C. § 524(a) (a discharge voids personal liability of debtor). In sum, individuals may not protect corporate assets in a Chapter 13 bankruptcy case; a corporation is a separate entity, and if its debts are to be discharged, they must be discharged in a separate bankruptcy case filed by the corporation.

*Ealy* at 658 (quoting In re Smith, 2002 WL 32129522 at *2 (Bankr. E.D. Ark. 2002)).

It is a black letter bankruptcy principle that 11 U.S.C. § 362(a) does not create a general, automatic stay of a creditor's right to assert claims against non–debtor parties who are related to

the debtor in some fashion. *See, e.g. Maritime Electric Co., Inc. v. United Jersey Bank*, 959 F.2d 1194, 1205 (3d Cir. 1991) ("the automatic stay is not available to non-bankrupt co-defendants of a debtor even if they are in a similar legal or factual nexus with the debtor*"); In re Philadelphia Newspapers, LLC*, 407 B.R. 606, 616 (E.D. Pa. 2009) (the automatic stay applies only against the debtor, and does not extend to protect "sureties, guarantors, co-obligors, or others with a similar legal or factual nexus to the ... debtor."); *In re Gronczewski*, 444 B.R. 526, 530 (Bankr. E.D. Pa. 2011). Similarly, the automatic stay in favor of an individual member of a limited liability company is not applicable to actions against the limited liability company itself. *In re HSM Kennewick, L.P.*, 347 B.R. 569 (Bankr. N.D. Tex. 2006); *In re Calhoun*, 312 B.R. 380 (Bankr. N.D. Iowa 2004). That is precisely the situation here: there is a stay in favor of Jerzy Strak, an individual member of the LLC, but that stay does not extend to Parkway Property LLC itself.

In conclusion, the Debtor's 51% ownership interest in Parkway Property LLC is property of his bankruptcy estate, but the assets of the LLC are not. *In re Rodio*, 257 B.R. 699 (Bankr. D. Conn. 2001) (property of LLC in which debtor is a member is not property of debtor's estate) Thus, the Ewing property is not property of the estate under § 541(a) and is not protected by the automatic stay. Spencer Savings Bank's foreclosure action against the Ewing property may proceed.

Alternatively, the Debtor asks that the automatic stay be extended to Parkway Property LLC. The court notes that the relief requested, being in the nature of an injunction, must be sought by complaint. *See*, Fed. R. Bankr. P. 7001(7). But, in the interest of judicial economy the court will address that request as part of this motion. There are cases in which courts have extended the automatic stay to non-debtor entities, but have done so only in "unusual

circumstances." *A.H.Robins Co. v. Piccinin*, 788 F.2d 994, 999-1000 (4th Cir. 1986). For example, the *A.H. Robins* case involved complex, multi-party asbestos litigation. Unlike in *A.H. Robins* and its progeny, no unusual circumstances are alleged here. In this situation, if the court were to extend the automatic stay to a primary obligor when the case was filed by a mere guarantor it would flip the reasoning of those cases on their heads. If Parkway Property LLC wants the protection of the bankruptcy court, it should file its own case.

The court, having found that the Ewing property is not property of the Debtor's bankruptcy estate, must dismiss the case because it exceeds the debt limits for unsecured debt under § 109(e). Spencer Savings Bank's claim against the Debtor based on his personal guaranty is not a secured claim and thus pushes the unsecured claims over the legal limit.

Spencer's counsel should submit an order in accordance with this opinion.

*/s/ Kathryn C. Ferguson*
KATHRYN C. FERGUSON
US Bankruptcy Judge